IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) CIV. NO. 07-00324 DAE/BMK |
| | ) CR. NO. 04-00242 DAE |
| Plaintiff-Respondent, | ) |
| | ) MEMORANDUM OF LAW |
| vs. | ) |
| | ) |
| JOSE GUADALUPE PALAFOX-BARAJAS, | ) |
| | ) |
| Defendant-Petitioner. | ) |
| | ) |

MEMORANDUM OF LAW

A.  Preliminary Statement

The Defendant raises several issues regarding the District Court's imposition of a ten-month sentence of imprisonment after the revocation of the Defendant's supervised release.[1]  As a remedy, the Defendant seeks a reduction in his term of imprisonment. Id.

The Government's position is that the Defendant's claims of error are frivolous, however, as a preliminary matter, the Defendant's motion is untimely and for that reason must be dismissed.

---

[1] First, the Defendant alleges that he was not informed of the condition that he was alleged to have violated.  Second, the Defendant alleges that the District Court did not have jurisdiction to revoke his supervised release.  Third, the Defendant appears to allege that he should not have received a prison sentence.  See Defendant's Motion to Vacate, Set Aside or Correct Sentence By A Person In Federal Custody (28 U.S.S. § 2255), at 1.

B.     Facts

*Southern District of California*

On June 29, 1998, the Defendant was charged in the Southern District of California with importing approximately 10.95 kilograms (approximately 24.1 pounds) of methamphetamine from Mexico to the United States.

On July 6, 1998, the Defendant entered a plea of guilty to the offense of Importation of Heroin, in violation of 21 U.S.C. §§ 952 and 960.

On January 11, 1999, the District Court sentenced the Defendant to 70 months imprisonment and 3 years of supervised release, including, in pertinent part, the common sense condition that he not commit any other crimes during his supervised release period.  After serving his term of imprisonment, the Defendant was removed from the United States to Mexico.

*District of Hawaii*

Shortly thereafter, on or about January 25, 2004, the Defendant was found in the District of Hawaii in violation of law and the terms and conditions of his supervised release.

On February 11, 2004, the Defendant was indicted for the offense of Reentry After Deportation in violation of 8 U.S.C. § 1326 (Cr. No. 04-00072 DAE).

On March 25, 2004, the Defendant pled guilty to the reentry offense before a magistrate.

On April 12, 2004, the District Court accepted the Defendant's guilty plea.

*Southern District of California*

On April 27, 2004, the Southern District of California moved to revoke the Defendant's supervised release based upon his violation of law, to wit: reentering the United States without permission.

*District of Hawaii*

In July 2004, jurisdiction over the supervised release revocation was transferred to the District of Hawaii (Cr. No. 04-00242 DAE).

On March 14, 2006, after several continuances agreed to by the Defendant, the District Court revoked the Defendant's supervised release and sentenced him to 10 months imprisonment (Cr. No. 04-00242 DAE). Immediately, thereafter, the District Court sentenced the Defendant to 60 months imprisonment for the reentry offense (Cr. No. 04-00072 DAE) to be served consecutively to the 10 months imprisonment imposed for the supervised release violation (Cr. No. 04-00242 DAE).

On March 20, 2006, the judgment for the reentry conviction was filed (Cr. No. 04-00072 DAE).[2]

---

[2] The Defendant subsequently appealed the sentence imposed in this case to the Ninth Circuit and did not prevail. The Defendant has recently filed a petition for certiorari to the Supreme Court which is pending.

On April 12, 2006, the amended judgment for the supervised release violation was filed (Cr. No. 04-00242 DAE). <u>See</u> Exhibit A.

On June 12, 2007, fourteen months after the amended judgment was filed, the Defendant filed his 2255 motion challenging the sentence he received for the supervised release violation.  (The Defendant signed the motion on June 1, 2007.)

C.   <u>Argument</u>

Title 28, United States Code, § 2255 provides a prisoner in custody with a statutory basis to move the court to vacate, set aside, or correct the sentence if the prisoner alleges that the sentence was imposed in violation of specific enumerated grounds set forth in the statute.  Upon receipt of such motion or petition, the court is mandated to follow certain procedures in order to resolve the prisoner's claims.  However, this statutory framework is subject to a strict time limitation.

> A 1-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of –
> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution of laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

4

>    retroactively applicable to cases on
>    collateral review; or
>        (4) the date on which facts supporting
>    the claim or claims presented could have been
>    discovered through the exercise of due
>    diligence.

28 U.S.C. § 2255.

In the present case, the only argument the Defendant can make that the Government can discern relates to subsection (4), to wit: that the Defendant was unaware of his potential claim. However, in a recent United States Supreme Court decision, the Supreme Court held that the fact that the defendant was pro se and perhaps ignorant of procedures was of no consequence when the statute's clear policy called for promptness. Johnson v. United States, 544 U.S. 295, 310 (2005).

The one-year statutory limitation period is also subject to "equitable tolling" if a defendant can show that "extraordinary circumstances" beyond his control precluded him from timely filing his motion. See e.g., United States v. Battles, 362 F.3d 1195, 1197 (9th Cir. 2004). However, in the instances in which equitable tolling has been applied to permit late filing, these cases often involved delay attributable to wrongful misconduct on the part of prison officials or a defendant's counsel. See e.g., Shannon v. Newland, 410 F.3d 1083, 1090 (9th Cir. 2005)(citing Stillman v. LaMarque, 319 F.3d at 1202 (9th Cir. 2003)). Further, the Ninth Circuit has noted

that a defendant's burden of establishing equitable tolling is a high one.

> We have stated, however, that "[e]quitable tolling is justified in a few cases," and that "the threshold necessary to trigger equitable tolling [under the AEDPA] is very high, lest the exceptions swallow the rule."

Shannon v. Newland, at 1090 (citing United States v. Spitsyn, 345 F.3d at 799).

In the present case, the amended judgment was filed on April 12, 2006. The Defendant's motion was filed fourteen months later on June 12, 2007. The Defendant's motion does not address the timeliness issue and for that reason the Government's motion to dismiss should be adjudicated before addressing the Defendant's substantive claims.

D.  Conclusion

The same statute which enabled the Defendant to file his motion for post conviction relief also mandates dismissal of his motion for failing to comply with the strict requirements of the statute.

DATED:  June 18, 2007, at Honolulu, Hawaii.

Respectfully submitted,

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

By /s/ Tracy A. Hino
   TRACY A. HINO
   Assistant U.S. Attorney

6

CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing document was duly served upon the following person by: [ ] hand delivering; [X] mailing said document on or about the date of filing:

      Jose Guadalupe Palafox-Barajas
      Reg. No. 52351-198
      California City Correctional Center
      P.O. Box 3001-0001
      California City, CA 93504
        Pro Se

      DATED: June 18, 2007, at Honolulu, Hawaii.

                                /s/ Tracy A. Hino
                                TRACY A. HINO
                                Assistant U.S. Attorney